IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02091-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

BROOKS TERRELL-BEY,

     Applicant,

v.

D. BERKABILE, Warden,

     Respondent.

---

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Mr. Terrell-Bey initiated this action by submitting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  The Court has reviewed the Application for a Writ of Habeas Corpus and finds that Mr. Terrell-Bey is asserting civil rights claims rather than habeas corpus claims.

Mr. Terrell-Bey complains in the Application that prison staff are denying him his constitutional right of access to the court by interfering with his efforts to use the BOP's administrative remedy procedure.  He further challenges his housing assignment and claims that the Warden has retaliated against him because of his administrative remedy requests.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  It is well

established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to

challenge the conditions of his confinement.  *See McIntosh v. United States Parole*

*Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Generally, a federal prisoner's

challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown*

*Named Agents*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  *See Standifer v. Ledezma*,

653 F.3d 1276, 1280 (10th Cir. 2011).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has

determined that the submitted document is deficient as described in this order.  Mr.

Terrell-Bey will be directed to cure the following if he wishes to pursue his claims.  Any

papers that Mr. Terrell-Bey files in response to this order must include the civil action

number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  X  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __  is missing certified statement showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner
(7)  X  is not on proper form (must use the court's current form for non habeas actions)
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  __  An original and a copy have not been received by the court. Only an original has been received.
(10)  X  other: Mr. Dennison must pay the $350.00 filing fee plus a $50.00 administrative fee if he does not file a 28 U.S.C. § 1915 motion.

**Complaint, Petition or Application**:
(11)  __  is not submitted
(12)  X  is not on proper form (must use the court's Prisoner Complaint form)
(13)  __  is missing an original signature by the prisoner
(14)  __  is missing page nos. ___
(15)  __  uses et al. instead of listing all parties in caption

2

(16) ___ An original and a copy have not been received by the court.  Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___ names in caption do not match names in text
(19) ___ other:

Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens* and 28 U.S.C. § 1331, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that Mr. Terrell-Bey cure the deficiencies designated above **within thirty days from the date of this order**.  Any papers that Mr. Terrell-Bey files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Mr. Terrell-Bey shall obtain the Court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Terrell-Bey fails to cure the designated deficiencies **within thirty days from the date of this order**, the action will be dismissed without further notice.  It is

DATED August 6, 2013, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge