IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02091-BNB

BROOKS TERRELL-BEY,

    Applicant,

v.

D. BERKABILE, Warden,

    Respondent.

ORDER DISMISSING CASE

Applicant, Brooks Terrell-Bey, is in the custody of the federal Bureau of Prisons and is incarcerated at the ADX in Florence, Colorado. He initiated this action by submitting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

On August 6, 2013, Magistrate Judge Boyd N. Boland reviewed the Application and determined that it was deficient because Mr. Terrell-Bey was asserting claims challenging his conditions of confinement. Magistrate Judge Boland advised Applicant that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th

1

Cir. 2011).  Accordingly, Magistrate Judge Boland directed Mr. Terrell-Bey to file a Prisoner Complaint on the court-approved form within thirty days of the August 6 Order. [*See* Doc. # 4].   Magistrate Judge Boland further ordered Applicant to submit a non-habeas Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form, or to pay the $350.00 filing fee, plus a $50.00 administrative fee, within thirty days of the August 6 Order.

On August 30, Mr. Terrell-Bey filed a "Motion for Voluntary Dismissal" [Doc. # 5].

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer or motion for summary judgment has been filed by Respondent in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The motion, therefore, closes the file as of August 30, 2013. *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of August 30, 2013, the date Mr. Terrell-Bey filed the Motion for Voluntary Dismissal in this action.

DATED at Denver, Colorado, this  6th  day of     September     , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court

2